IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DIABATE AMADOU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 07-0378-CV-W-RED |
| v. | ) |
| | ) |
| KANSAS CITY POLICE DEPARTMENT, | ) |
| OFFICER NICHOLS, and | ) |
| OFFICER GEORGE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court are Police Officer Mark George's Motion to Dismiss and Suggestions in Support (Doc. 9), Police Officer Tommy Nichols' Motion to Stay and Suggestions in Support (Doc. 13), Kansas City Police Department's Motion to Dismiss and Suggestions in Support (Doc. 19), and J.B. Hunt Company's Motion to Dismiss and Memorandum in Support (Doc. 21). For the following reasons, this case shall be **DISMISSED** without prejudice.

## BACKGROUND[1]

Officers George and Nichols arrived at the J.B. Hunt Trucking yard with a restraining order for Plaintiff. ("be send with a restraind order against me.") J.B. Hunt removed Plaintiff from possession of the truck Plaintiff had been living in for three (3) months. ("I be living in that truck for 03 months.") Plaintiff asked if he could retrieve his personal possessions from the truck. ("I ask for retrieve my stuff from the truck.") The officers and the managers denied the

---

[1] Because the Court is deciding a motion to dismiss, all facts in the complaint are taken as true.

request.  ("The officers and the manager in one voice said NO-.")  After the request was denied, Plaintiff attempted to enter the truck and take his jacket.  ("I try to take my jacket")  The officers stopped Plaintiff from entering the truck by jerking him and getting on each side of Plaintiff.  ("The officers stop me in the harm way, jerk me around one on each my side.")  At some point, Officer George pushed Plaintiff with his fingers or hand and Plaintiff turned and left the trucking yard.  ("I turn my back on them, even that I be pushing by officers Mark, by his fingers, calling me names, making noise with his guns.")

## DISCUSSION

When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Young, v. City of St. Charles, Mo*. 244 F.3d 623, 627 (8th Cir. 2001).   To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Id*.  In evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, a *pro se* complaint must be liberally construed and a court should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Valiant-Brey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987).

While it is difficult to determine Plaintiff's actual cause of action, even with the most liberal construction, Plaintiff can prove no set of facts which would entitle him to relief. First, Plaintiff's complaint cannot be construed as a claim under 42 U.S.C.A. §  1983 for excessive force. In order for an officer to be liable under the Constitution for excessive force, the officer must have "intruded into realms of personal privacy and bodily security through means so brutal,

2

demeaning, and harmful as to literally shock the conscience" and "the force must have been applied maliciously and sadistically for the very purpose of causing harm." *Davis v. Forrest,* 768 F.2d 257, 258 (8th Cir. 1985). Here, the officers instructed Plaintiff not to enter the truck. Despite that instruction, Plaintiff attempted to enter the truck. Consequently the officers jerked Plaintiff and got on either side of him to restrain him from entering the truck. Plaintiff also alleges he was pushed by the hand of officer George before he left the truck yard. Such allegations do not shock the conscience and cannot be construed as malicious or sadistic. Therefore Plaintiff fails to state a claim under § 1983.

Second, Plaintiff's allegations, liberally construed, fail to state a claim for assault and battery. An assault is defined as any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril. *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. Ct. App., 1998). A battery is an intended, offensive bodily contact with another. *Id*. A peace officer or other person duly empowered is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order, or to overcome resistance to his authority. *State ex rel. and to Use of Donelon v. Deuser*, 345 Mo. 628, 635 (1939). Plaintiff alleges the officers had a restraining order and told him not to enter the truck. Plaintiff was jerked when he resisted the officers and attempted to enter the truck and was later pushed by the hand of Officer George before he left the trucking yard. Plaintiffs complaint admits he was resisting authority when he attempted to enter the truck and did not leave the trucking yard. The fact that Plaintiff was jerked and pushed while resisting authority cannot be construed to support a claim of assault or battery.

Regarding Defendant J.B. Hunt, Plaintiff's allegations, liberally construed, cannot support

3

a claim for conversion or vicarious liability. Conversion requires that the aggrieved party have a right to the property. *Cole v. Control Data Corp.*, 947 F.2d 313, 318 (8th Cir. 1991). Plaintiff's complaint does not allege he had a right to the truck or that it was improper for J.B. Hunt to remove him from the truck.

Vicarious liability is imposed upon an employer for negligent acts or omissions of his employee or agent that are committed within the course and scope of his employment or agency under the doctrine of *respondeat superior*. *Jones v. Brashears*, 107 S.W.3d 441, 445 (Mo.Ct. App. 2003). Whether an employer can be held liable under the doctrine requires evidence that a master-servant relationship existed between the parties. *Id*. Where the employee occupies a dual status, that is, as an employee and also as a police officer, in the absence of a statute, where the employer does no more than relate the material facts to the officer and leaves to him the decision as to what he should do as a police officer, the employer is not liable for the acts of the police officer. *Carmelo v. Miller*, 569 S.W.2d 365, 367 (Mo.Ct. App. 1978). Plaintiff fails to allege the necessary master-servant relationship between the officers and J.B. Hunt to establish vicarious liability. Further, had Plaintiff alleged a master-servant relationship, he fails to claim J.B. Hunt did more than relate the material facts to the officers and leave to them the decision as to what they should do.

Finally, Plaintiff cannot bring a claim against the Kansas City Police Department. "An action against the [Kansas City Police Department] in that name alone does not lie." *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo. Ct. App. 1983). Therefore, Plaintiff's complaint against the Kansas City Police Department fails to state a claim upon which relief can be granted.

## CONCLUSION

Even the most liberal construction of Plaintiff's complaint cannot support a claim under §1983, assault and battery, or conversion against Officer Nichols, Officer George, J.B. Hunt, or the Kansas City Police Department, and the Court cannot conceive of what other cause of action Plaintiff is attempting to allege.

Accordingly, Plaintiff's Complaint against all Defendants shall be **DISMISSED** without prejudice. Police Officer Mark George's Motion to Dismiss and Suggestions in Support (Doc. 9) is hereby **GRANTED**, Police Officer Tommy Nichols' Motion to Stay and Suggestions in Support (Doc. 13) is hereby **DENIED as moot**, Kansas City Police Department's Motion to Dismiss and Suggestions in Support (Doc. 19) is hereby **GRANTED**, and J.B. Hunt Company's Motion to Dismiss and Memorandum in Support (Doc. 21) is hereby **GRANTED.**

**IT IS SO ORDERED**.

DATED: September 26, 2007                  */s/ Richard E. Dorr*
                                           RICHARD E. DORR, JUDGE
                                           UNITED STATES DISTRICT COURT